JON SANDS
Federal Public Defender
District of Arizona
2285 S. 4Th Avenue, Suite 2E
Yuma, Arizona 85364
Telephone: 928-314-1780

Jared H. Eggers
AZ. State Bar #031325
Asst. Federal Public Defender
Attorney for Defendant
jared_eggers@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>        vs.<br><br>Daniel Roman,<br><br>               Defendant. | No. CR-25-00812-02-PHX-SMB<br><br>**SENTENCING MEMORANDUM** |

Daniel Roman submits the attached memorandum for consideration by the Court in connection with this case.

**FACTS**

Daniel Roman was arrested for, Material False Statement During the Purchase of a Firearm, on July 12, 2025. On December 2, 2025, he pleaded guilty to count 22 of the indictment pursuant to a written plea agreement. The Defendant waived his right to a trial by jury, as well as his right to appeal.

On January 26, 2026, a presentence report (PSR) was filed in this matter. The presentence report recommends a term of probation for his first felony offense. Mr. Daniel Roman agrees that his U.S.S.G. range is 0 to 6 months but respectfully requests a sentence of time served on the basis set forth in this memorandum.

**LAW**

After the Booker decision, the overarching statutory charge for the District Court is to "impose a sentence sufficient, but not greater than necessary" to meet the statutory purposes of sentencing. *United States v. Carty*, 520 F. 3d 984, 991 (9th Cir. 2008). The Court shall consider the factors set out in 18 U.S.C. §3553(a).

All the proceedings are to begin by determining the applicable guideline range, which is the starting point and the initial benchmark for determining the sentence. *United States v. Carty*, 520 at 991. The District Court may not presume that the guideline range is reasonable , nor may the guideline range be given more or less wight than any other sentencing factor. " While the Guidelines are to be respectfully considered, they are one factor among the §3553(a) factors that are to be taken into account in arriving at an appropriate sentence. *Id.*

**ARGUMENT**

Mr. Daniel Roman submits the following factors for the Court to consider in determining the sentence in this matter.

**Nature and Circumstances of the Offense**

On May 15, 2024, Mr. Roman entered Jones & Jones, a federal firearm licensee in Somerton, Arizona. He filled out a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473. He provided false information on the form, indicating that he was the intended owner of the firearm, when in fact he was purchasing it on behalf of another individual, Mr. Ortiz. Unfortunately, Mr. Roman did not fully understand the severity of his actions nor possible consequences of his actions at the time. The firearms he purchased were to be used for target shooting by himself and his acquaintance, and he was to be paid $500 dollars for assisting in the purchase.

**History and Characteristics of the Defendant**

Daniel Roman is a 27-year-old U.S. citizen with no prior felony convictions. Mr. Roman was born in Indio, California, but was raised in San Luis Rio Colorado, Mexico, a border town approximately 25 miles form Yuma, AZ. Mr. Roman reported to the Probation Officer that he had a normal childhood free of physical abuse and neglect. He comes from a family with three siblings, all of whom currently reside in Mexico. (See PSR, paragraph 45). Mr. Roman is married with three children of his own. Mr. Roman reported that he has three children, ages 6, 3, and 2, who live with his wife in San Luis Rio Colorado. Prior to his arrest, Mr. Roman was living with his wife and supporting his children and household.

Mr. Roman has always been a family-oriented individual. He has always maintained a good relationship with his family. Mr. Roman has also been a hardworking individual. He has experience in agriculture, landscaping, and solar panel installation. He was working in Texas as a machine operator installing solar panels before this instant arrest. (See PSR, paragraph 61). Thereafter, Mr. Roman worked in landscaping in and around Indio, California. Although Mr. Roman has primarily lived in Mexico, he regularly crossed the border to work in the United States. As a U.S. citizen, he has had the opportunity to earn a livable wage while supporting his family in Mexico (See PSR, paragraph 49).

Since his arrest for this instant offense, Mr. Roman has been able to continue to work and provide for his family. He has been living with his aunt in Indio, California, working there and occasionally requesting permission from this Court to visit his family in Mexico. Mr. Roman now realizes that he made a terrible mistake, he has no desire to be caught up in criminal activity. He will have over 8 months of pretrial supervision completed by the date of sentencing, which is a significant period of separation from his immediate family in Mexico. Mr. Roman

is confident that he will be successful going forward as he has never broken the law before and has no prior criminal history whatsoever.

Mr. Roman does understand that he owes a debt to society, and he was involved in a serious crime. However, he has never been convicted of any type of crime before this instant offense. He had never been incarcerated before this offense, and he spent seven days in detention when he was first arrested for this crime, enough to deter him from committing any crimes in the future. Mr. Roman will also have to live with the lasting consequences of a felony conviction. Nevertheless, Mr. Roman plans to live near his family and rely on their continued support. He has plans to work in the solar installation industry, installing solar panels and live with his family in Mexico if the Court permits. (See PSR, paragraph 3).

**CONCLUSION**

Mr. Daniel Roman comes before the Court requesting a low-end sentence of time served. He recognizes that he cannot allow this conduct to recur and is committed to leading a law-abiding life. At the time of the offense, he did not fully appreciate the seriousness and consequences of his actions. He wishes to remain free to work and support his wife and three young children. Any custodial sentence would have a significant impact on his family, as he has already been physically separated from them for eight months. Accordingly, we respectfully urge the Court to adopt the PSR's recommendation and permit Mr. Roman to complete any term of probation or supervised release while living in Mexico. Significantly, the Probation Officer who prepared the presentence investigation report recommended probation with living conditions in Mexico. (See PSR at 16). Defense agrees but feels that a sentence of time served is necessary in the interests of justice.

Mr. Roman is currently facing 0 to 6 months, with a stipulation that any custodial sentence not exceed the low-end of that range. In light of his individual

circumstances, his lack of criminal history, his compliance with pretrial supervision, and the substantial time already spent under court supervision, a sentence of time served is just and appropriate.

Respectfully submitted:  February 24, 2026.

JON M. SANDS
Federal Public Defender

 *s/Jared H. Eggers*
Jared H. Eggers
Asst. Federal Public Defender

Copy of the foregoing transmitted
by ECF for filing February 24, 2026, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse

Sheila Phillips
Assistant U.S. Attorney

Sarah J. White
United States Pretrial Services

Copy mailed to:

Defendant
Roman, Daniel

*L. Aguilera*
L. Aguilera